**ZHI FENG CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondents.**

**No. 03–40387–ag.**

United States Court of Appeals, Second Circuit.

Aug. 23, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Karen Jaffe, New York, NY, for Petitioner.

William J. Leone, United States Attorney, Mark S. Pestal, Assistant United States Attorney, Denver, CO, for Respondent.

Present: DENNIS JACOBS, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Zhi Feng Chen, a native and citizen of the People's Republic of China, seeks review of an August 6, 2003 order of the BIA summarily affirming the November 8, 2001 decision of immigration judge ("IJ") Bri-

gitte Laforest denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Feng Chen,* No. A77 657 953 (B.I.A. August 6, 2003), *aff'g* No. A73 652 754 (Immig. Ct. N.Y. City November 8, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, the IJ reasonably determined that Chen's inconsistent testimony, his inability to say how old his pregnant girlfriend was when she was too young to marry, his failure to adequately corroborate his claim fatally undermined his credibility. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003) (holding that in order to support an adverse credibility finding, an inconsistency must be substantial when measured against the record as a whole); *Xiao Ji Chen,* 434 F.3d at 164 (holding that failure to corroborate testimony may also bear on credibility where the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question).

The IJ's adverse credibility determination is thus substantially supported as a

whole. Because Chen has failed to challenge the IJ's denial of withholding of removal or CAT relief before this Court, those arguments are considered waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).